ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA            :    **INDICTMENT**
                                    :
          - v. -                    :    S4 15 Cr. 386 (JGK)
                                    :
CORY HARRIS,                        :
    a/k/a "Hop,"                    :
    a/k/a "P,"                      :
DANIEL HERRING,                     :
    a/k/a "Mike,"                   :
FRANK JENKINS JR.,                  :
    a/k/a "Frizz,"                  :
JARON LANGHORNE,                    :
    a/k/a "Ghost,"                  :
MITCHELL MALDONADO,                 :
RAHEEM MALDONADO,                   :
UNIQUE NEWELL,                      :
    a/k/a "Trilla,"                 :
ADAM PHILLIPS,                      :
KRYSTAL PINSONNEAULT,               :
MIGUEL ROBLES, and                  :
LUIS ZABALA,                        :
    a/k/a "Ant,"                    :
                                    :
          Defendants.               :
                                    :
- - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 0 1 2015

**COUNT ONE**

The Grand Jury charges:

1.   From at least in or about 2014, up to and including in or about 2015, in the Southern District of New York and elsewhere, CORY HARRIS, a/k/a "Hop," a/k/a "P," DANIEL HERRING, a/k/a "Mike," FRANK JENKINS JR., a/k/a "Frizz," JARON LANGHORNE, a/k/a "Ghost," MITCHELL MALDONADO, RAHEEM MALDONADO, UNIQUE NEWELL, a/k/a "Trilla," ADAM PHILLIPS, KRYSTAL PINSONNEAULT,

MIGUEL ROBLES, and LUIS ZABALA, a/k/a "Ant," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2.   It was a part and an object of the conspiracy that CORY HARRIS, a/k/a "Hop," a/k/a "P," DANIEL HERRING, a/k/a "Mike," FRANK JENKINS JR., a/k/a "Frizz," JARON LANGHORNE, a/k/a "Ghost," MITCHELL MALDONADO, RAHEEM MALDONADO, UNIQUE NEWELL, a/k/a "Trilla," ADAM PHILLIPS, KRYSTAL PINSONNEAULT, MIGUEL ROBLES, and LUIS ZABALA, a/k/a "Ant," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3.   The controlled substances that CORY HARRIS, a/k/a "Hop," a/k/a "P," DANIEL HERRING, a/k/a "Mike," FRANK JENKINS JR., a/k/a "Frizz," JARON LANGHORNE, a/k/a "Ghost," MITCHELL MALDONADO, RAHEEM MALDONADO, UNIQUE NEWELL, a/k/a "Trilla," and LUIS ZABALA, a/k/a "Ant," the defendants, conspired to distribute and possess with intent to distribute were: (1) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A); and (2) 100 grams and more of mixtures and

substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(B).

4. The controlled substance that ADAM PHILLIPS, the defendant, conspired to distribute and possess with intent to distribute was 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A).

5. The controlled substances that KRYSTAL PINSONNEAULT, the defendant, conspired to distribute and possess with intent to distribute were: (1) mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(C); and (2) mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C).

6. The controlled substance that MIGUEL ROBLES, the defendant, conspired to distribute and possess with intent to distribute was 100 grams and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(B).

## Means and Methods of the Conspiracy

7. During the period charged in the Indictment, members of the conspiracy obtained crack and heroin in the Southern District of New York and elsewhere. Members of the conspiracy then transported the crack and heroin to Vermont, for distribution in and around Bennington, Vermont.

8. During the period charged in the Indictment, members of the conspiracy sold crack and heroin from particular locations in Bennington. These locations included an apartment on Gage Street, apartments on Pleasant Street, and rooms in certain motels.

9. During the period charged in the Indictment, members of the conspiracy provided heroin, crack, and other controlled substances to certain women in and around Bennington who were addicted, or became addicted, to those controlled substances. These women assisted members of the conspiracy with the transport, storage, and distribution of crack and heroin, in exchange for which the women received controlled substances and cash that the women used, in part, to purchase additional controlled substances.

(Title 21, United States Code, Section 846.)

## COUNT TWO

The Grand Jury further charges:

10. From at least in or about 2014, up to and including in or about 2015, in the Southern District of New York and elsewhere, CORY HARRIS, a/k/a "Hop," a/k/a "P," FRANK JENKINS JR., a/k/a "Frizz," RAHEEM MALDONADO, DANIEL HERRING, a/k/a "Mike," JARON LANGHORNE, a/k/a "Ghost," MITCHELL MALDONADO, UNIQUE NEWELL, a/k/a "Trilla," and LUIS ZABALA, a/k/a "Ant," the defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count One of this Indictment, knowingly did use and carry firearms, and, in furtherance of such drug trafficking crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

## COUNT THREE

The Grand Jury further charges:

11. In or about December 2014, in the Southern District of New York and elsewhere, CORY HARRIS, a/k/a "Hop," a/k/a "P," FRANK JENKINS JR., a/k/a "Frizz," and RAHEEM MALDONADO, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together

5

and with each other to travel in and to cause another to travel in interstate and foreign commerce, and to use and to cause another to use the mail and any facility of interstate and foreign commerce, with intent that a murder be committed in violation of the laws of a State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, and death resulted, to wit, HARRIS and MALDONADO agreed to pay JENKINS to murder Rashaun Nicholson, and as a result JENKINS shot Rashaun Nicholson to death in the vicinity of 78 Catherine Street, New York, New York.

(Title 18, United States Code, Section 1958.)

### COUNT FOUR

12. In or about December 2014, in the Southern District of New York and elsewhere, CORY HARRIS, a/k/a "Hop," a/k/a "P," FRANK JENKINS JR., a/k/a "Frizz," and RAHEEM MALDONADO, the defendants, and others known and unknown, knowingly did travel in and cause another to travel in interstate and foreign commerce, and did use and cause another to use the mail and any facility of interstate and foreign commerce, with intent that a murder be committed in violation of the laws of any State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of

6

pecuniary value, and did aid and abet the same, and death resulted, to wit, HARRIS and MALDONADO paid JENKINS to kill Rashaun Nicholson, and JENKINS shot Nicholson to death in the vicinity of 78 Catherine Street, New York, New York.

(Title 18, United States Code, Sections 1958 and 2.)

## COUNT FIVE

The Grand Jury further charges:

13. On or about December 28, 2014, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely, a conspiracy to distribute, and to possess with the intent to distribute, 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," CORY HARRIS, a/k/a "Hop," a/k/a "P," FRANK JENKINS JR., a/k/a "Frizz," and RAHEEM MALDONADO, the defendants, intentionally and knowingly killed, and counseled, commanded, induced, procured, and caused the intentional killing of Rashaun Nicholson, and did aid and abet the intentional killing of Nicholson, in the vicinity of 78 Catherine Street, New York, New York.

(Title 21, United States Code, Section 848(e)(1)(A) and
Title 18, United States Code, Section 2.)

## COUNT SIX

The Grand Jury further charges:

14. On or about December 28, 2014, in the Southern District of New York, CORY HARRIS, a/k/a "Hop," a/k/a "P," FRANK JENKINS JR., a/k/a "Frizz," and RAHEEM MALDONADO, the defendants, willfully and knowingly, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count One of this Indictment, did use and carry a firearm, and, in furtherance of such drug trafficking crime, did possess a firearm, and in the course of that drug trafficking crime did, through the use of a firearm, cause the death of a person, which killing is murder as defined in Title 18, United States Code, Section 1111(a), and did aid and abet the same, to wit, JENKINS, at the direction, or with the assistance, of HARRIS and MALDONADO, shot and killed Rashaun Nicholson in the vicinity of 78 Catherine Street, New York, New York.

(Title 18, United States Code, Sections 924(j) and 2.)

## COUNT SEVEN

The Grand Jury further charges:

15. In or about April 2012, in the Southern District of New York and elsewhere, CORY HARRIS, a/k/a "Hop," a/k/a "P," the defendant, during and in relation to a drug trafficking

8

crime for which he may be prosecuted in a court of the United States, namely, distribution and possession with intent to distribute mixtures and substances containing a detectable amount of marijuana, knowingly did use and carry firearms, and, in furtherance of such drug trafficking crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and (c)(1)(C)(i), and 2.)

## FORFEITURE ALLEGATION

16. As a result of committing the controlled substance offense alleged in Count One of this Indictment, CORY HARRIS, a/k/a "Hop," a/k/a "P," DANIEL HERRING, a/k/a "Mike," FRANK JENKINS JR., a/k/a "Frizz," JARON LANGHORNE, a/k/a "Ghost," MITCHELL MALDONADO, RAHEEM MALDONADO, UNIQUE NEWELL, a/k/a "Trilla," ADAM PHILLIPS, KRYSTAL PINSONNEAULT, MIGUEL ROBLES, and LUIS ZABALA, a/k/a "Ant," the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds said defendants obtained directly or indirectly as a result of the violation and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violation alleged in Count One of this Indictment,

including but not limited to a sum in United States currency representing the amount of proceeds obtained as a result of the offense.

17.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841 and 853.)

### SPECIAL FINDINGS AS TO CORY HARRIS

18.  Counts Three, Four, Five and Six of the Indictment are realleged and incorporated by reference as though fully set

10


forth herein. As to Counts Three, Four, Five and Six of the Indictment, alleging the murder of Rashaun Nicholson, the defendant CORY HARRIS, a/k/a "Hop," a/k/a "P,":

    a.   was 18 years of age or older at the time of the offense; and

    b.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Rashaun Nicholson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)).

## SPECIAL FINDINGS AS TO FRANK JENKINS

19.   Counts Three, Four, Five and Six of the Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts Three, Four, Five and Six of the Indictment, alleging the murder of Rashaun Nicholson, the defendant FRANK JENKINS, a/k/a "Frizz":

    a.   was 18 years of age or older at the time of the offense;

    b.   intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

    c.   intentionally participated in an act, contemplating that the life of a person would be taken or

intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Rashaun Nicholson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)); and

    d.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Rashaun Nicholson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)).

## SPECIAL FINDINGS AS TO RAHEEM MALDONADO

    20.    Counts Three, Four, Five and Six of the Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts Three, Four Five and Six of the Indictment, alleging the murder of Rashaun Nicholson, the defendant RAHEEM MALDONADO:

    a.    was 18 years of age or older at the time of the offense; and

    b.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and

12

Rashaun Nicholson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)).

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

13

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

CORY HARRIS, et al.,

Defendants.

---

INDICTMENT

S4 15 Cr. 386 (JGK)

(18 U.S.C. §§ 924, 1958, and 2;
21 U.S.C. § 846.)

PREET BHARARA
United States Attorney.

A TRUE BILL

*Yolanda Ocasio*
Foreperson.

---

12/1/15 Filed Indictment
on Judge Netburn